GOICO, PLAINTIFF AND APPELLEE, *v.* RODRÍGUEZ ET AL.,
DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Mayagüez in an Action
of Debt.

No. 2102.—Decided May 28, 1920.

OBLIGATION—INTEREST.—When an obligation upon which interest accrues is silent
as to the rate of interest to be paid by the debtor after maturity the cred-
itor can not collect more than the legal rate.

The facts are stated in the opinion.
*Mr. J. Sabater* for the appellants.
*Messrs. Benet & Souffront* for the appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court.

A debt of $1,644.15 was secured by a mortgage contain-
ing the following provisions:

"1. The mortgage is for five years with interest at twelve per
cent per annum, payable as follows: $328.83 principal and $197.29
interest in the month of December, 1915; $328.83 principal and
$157.83 interest in the month of December, 1916; $328.83 principal
and $108.37 interest in the month of December, 1917; $328.83 prin-
cipal and $78.91 interest in the month of December, 1918; $328.83
principal and $39.45 interest in the month of December, 1919.

"2. In case any instalment should not be paid when due the en-
tire debt shall be considered as due and the creditor may sue for its
recovery.

"3. To secure the said obligation and also the sum of $200 addi-
tional for expenses and costs, including the fees of the attorney for
the plaintiff in case of a suit, Mrs. Rodríguez and Mrs. Colón, with
the consent and approval of their respective husbands, José Nicolás
and Tomás Perea, create in favor of José Arrarás y Noaín a special
voluntary mortgage on the property described in the first clause of
this deed, the said lien to remain effective until all the obligations
secured are satisfied and cancelled."

The mortgagors paid the first instalment of interest
amounting to $157.83 and in 1917 made another payment
of $28.15.

The original and first amended complaints claimed $425.38

interest, $129.44 due in December, 1917, plus $295.94 accrued from that time until the date of filing the complaint, and asked for a judgment in the sum of $2,069.53, principal and interest to the date last mentioned, plus interest at one per cent thereafter and $200 for costs, disbursements and attorney fees.

Defendants then pleaded as follows:

"1. In this case the plaintiff prays for judgment against the defendant for the sum of $2,269.53, plus interest at the rate of one per cent monthly from the date of the filing of the complaint;

"2. The following are the exact sums that the defendants owe in this case:

| | |
|---|---|
| Principal | $1,644.15 |
| Interest due in December, 1916 | 129.44 |
| Interest due in December, 1917 | 108.37 |
| Interest due in December, 1918 | 78.91 |
| Interest for seven months, from January of this year, and nine days up to this date | 23.95 |
| Total principal and interest to date | $1,984.82 |

"To this total amount should be credited $7.59 that the defendants delivered in coffee to the plaintiff on September 11, 1917; $10.44 that the defendants delivered to the plaintiff in coffee on September 20, 1917; $10.12 that the defendants delivered on September 21, 1917. Total to be credited, $28.15.

"Therefore, on this date the defendants owe the net sum of $1,956.67 which they deposit in the office of the clerk of the district court, at the disposal of the plaintiff.

"The defendants pray that this court order the dismissal of the action and also that the plaintiff receive in full payment of his claim the sum of $1,956.67 deposited, without special imposition of costs."

Thereupon plaintiff, in a second amended complaint, alleged:

"Fourth. The defendants did not pay to José Arrarás Noaín, or to any other person entitled thereto, the amount of the principal due and the sum of $129.44 for interest in the month of December, 1916, plus the interest from December, 1916, to this date; amounting to

$509.67 which, together with the $129.44 owing in December, 1916, amounts to $639.12.

"Fifth. The defendants paid in the month of December, 1917, the sum of $28.15 in coffee, which sum, deducted from the total amount of the debt for interest, leaves a balance in favor of the plaintiff of $610.97."

The prayer was for judgment in the sum of $1,644.15, principal, plus $610.97 as interest, and in addition thereto $200 agreed upon to cover costs, disbursements and attorney fees in case of suit, and interest at one per cent on the whole from the day on which the complaint was filed, to wit, a total of $2,455.12.

Defendants then called the attention of the court to the increased demand notwithstanding the admission made in the second amended complaint as to the payment of $28.15 and notwithstanding the acquiescence of defendants in the second amended complaint save as to the question of the amount due; again expressed a willingness to accept a judgment for the amount admitted by them to be due; resubmitted the itemized statement previously presented; directed the attention of the court to the fact that the first instalment of interest amounting to $197.29 paid by defendants was in excess of the legal rate of 12 per cent and therefore usurious, the amount calculated at 12 per cent on $1,644.15 from February 9, 1915, date of the mortgage, to December 31 of the same year being $175.98 and not $197.29, making a difference of $21.31 overpaid by defendants contrary to law; and further set up that "the defendants are not bound to pay any interest for delay because no stipulation was made to this effect. The plaintiff can not collect interest on interest, as he claims, and much less at the rate of 1 per cent monthly; and the defendants should not pay costs or attorney fees, as they acquiesced in the complaint and particularly when the plaintiff and the defendants signed a contract on July 10, 1918, for the settlement of the debt, ac-

cording to which the defendants were to transfer the mortgage to the plaintiff and the latter was to deliver to the defendants a house on Los Almendros street, Añasco, a rural property of thirty acres in the ward of Cerro Gordo, and the sum of one hundred dollars.'' Wherefore defendants again prayed for a judgment against them in the sum of $1,956.67, already deposited by them, without special imposition of costs, leaving to the discretion of the court the question of what ruling might be equitable and just as to the improper payment of the first instalment amounting to $197.29 above mentioned.

The evidence for the plaintiff at the trial consisted of the mortgage and the testimony of plaintiff as follows:

''The defendants owe of the instalment of 1916, $129.44, interest, plus the interest on the debt from December, 1916, to this date, and also the whole principal, the said defendants not having paid any sum on the instalments of the principal, except the sum of $28.15 paid in coffee in December, 1917.''

Defendants appeal from a judgment for $2,455.12 plus the interest thereon at the rate of 1 per cent from August 12, 1919, including therein the $200 agreed upon for costs, disbursements, and attorney fees in case of suit.

Error is assigned as follows:

''1. The court below erred in holding that the appellants should pay interest for delay;

''2. The court below erred in holding that the defendants should pay $200 for expenses, costs and attorney's fee, and abused its discretion;

''3. The court below erred in not fixing the amounts in controversy and in not exercising its discretion to determine the real sum owed by the defendants.

The court below construed the mortgage as follows:

''The court, after carefully examining the deed, arrived at the conclusion that it was expressly stipulated therein that the defendants should pay interest at the rate of 12 per cent per annum on

the principal, the manner in which the payment was to be made and the agreed instalments not being considered as a distinct liquidation of interest, the defendants being under the obligation to pay to the plaintiff the total sum of the debt, plus the unpaid interest at the rate of 12 per cent per annum on said debt until fully paid, as stipulated, there being no room for the assumption that the collection of said interest is equivalent to calculating interest for delay.

"With regard to the $200 for attorney fees claimed by the plaintiff, there is no doubt that it being agreed in the contract that in case of suit the defendants should pay to the creditor the sum of $200 for costs, disbursements and attorney's fees, and it appearing from the deed itself that the plaintiff resorted to the only legal remedy available for the collection of the debt, and opposition having been made to the cause of action of the plaintiff, as well as to the other ancillary remedies prayed for by the latter, for which reason the attorney for the plaintiff was compelled to make appearance several times before the court, also appearing at the trial of the case, there is no reason, in the opinion of the court, that the defendants should be relieved from being adjudged to pay the said sum of $200 as agreed."

We are persuaded that the district court erred in allowing interest at 12 per cent from and after the expiration of the full term of the mortgage and for this reason the judgment as rendered can not stand.

The conclusion so reached is supported by sections 1067, 1068, 1075, 1076 and 1141 of the Civil Code; but even otherwise we would be content to follow the doctrine announced by the United States Supreme Court as indicated in the following text:

"It is well settled that the conventional rate of interest will be allowed after maturity where there is a stipulation to this effect, and it has also frequently been held that such rate may be allowed even in the absence of express agreement to that effect where from the terms of the obligation itself when properly construed it is plainly manifest that this was the intention of the parties, as for instance in the case of a note payable one day after date, or a note payable

on demand, with conventional interest. Where, however, there is no indication of the intention of the parties to the contract and the question is not settled by statutory enactment, there is a conflict of authority as to whether the conventional or legal rate will be allowed after maturity. According to one line of decisions the conventional rate of interest will continue after maturity as before, in the absence of any stipulation of the parties. On the other hand the courts in a number of the states hold that under such circumstances the legal rate of interest and not the conventional rate will be allowed after maturity. This is the rule usually applied by the United States Supreme Court, but that tribunal has held that the question is always one of local law, and that where a different rule has been established it governs in that locality. There is much soundness in the position that where the contract is silent as to the rate of interest after maturity, the legal rate should be allowed. Those who maintain the opposite view hold it to be a presumption of the parties that the rate stipulated before should continue after maturity; but this is opposed to the rule that after a failure to pay, interest is then given not according to contract, but in the nature of damages, and then the rule of damages, the legal rate of interest, should govern.'" 15 R. C. L. 22.

Apparently the same principle would apply to the several instalments precluding the allowance of more than the legal rate of six per cent on each of them after maturity thereof, but this is perhaps open to argument and need not now be definitely determined. There may be some merit in the contention of appellant that without demand no interest whatever would accrue after maturity of the mortgage as a whole, or as to its several instalments after maturity of each. The question of costs involves several interesting points that might be elaborated by the parties.

The judgment appealed from was based on an erroneous construction of the contract which precluded due consideration by the trial judge of this and other questions involved which are also not so fully developed as they might be in the briefs. In the circumstances we prefer, instead of en-

tering such judgment as the court below should have rendered, to reverse and remand.

*Reversed and remanded.*

Chief Justice Hernández and Justices Wolf, del Toro and Aldrey concurred.